## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDREW TAYLOR | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| | : | |
| v. | : | |
| | : | 21-cv-01110-RAL |
| | : | |
| CURRAN FROMHOLD CORRECTIONAL | : | |
| FACILITY et al | : | |
| Defendants. | : | |

### ORDER

Upon review of Defendants' Motion for Summary Judgment, Doc. No. 24, and Plaintiff's Response to the Motion for Summary Judgment, Doc. No. 25, it is 6th day of December, 2022

### ORDERED,

as follows, in accordance with the Memorandum Opinion filed contemporaneously with this Order:

1. Defendants' Motion for Summary Judgment is granted in part and denied in part.

2. Curran-Fromhold Correctional Facility and the Philadelphia Prison System are not separately named entities under 53 Pa. C.S.A. § 16257 and cannot be named as defendants. The Department of Corrections of the City of Philadelphia is not an entity within the Philadelphia City Government and cannot be named as a defendant. Summary judgment is **GRANTED** dismissing these three parties with prejudice. The City of Philadelphia shall remain as the sole named defendant. All allegations in the complaint and subsequent filings shall be treated as raised against the City alone.

3. Plaintiff has not developed a § 1983 claim based on the Fifth Amendment, nor can he. All references to the Fifth Amendment are stricken from the pleadings. Defendant's motion for summary judgment dismissing a Fifth Amendment claim is **DENIED** as moot.

4. Summary judgment as to Count I is **GRANTED**. Count I is dismissed with prejudice, as the real property exception to governmental immunity is not applicable in this case, as a matter of law.

5. Summary judgment as to Count II is **DENIED**. A genuine issue of material fact exists whether the City proximately caused Mr. Taylor's injuries through a Constitutional violation. The matter will be tried to a jury.

**BY THE COURT:**

*s/Richard A. Lloret*
Honorable Richard A. Lloret
U.S. Magistrate Judge